**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

---------------------------------------------------------x
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

        v.

URS KAMBER,
STEPHAN HUSI,
    Im Heimgartli 19
    8047 Zurich
    Switzerland,
and
RICHARD JON MAY,

        Defendants.
---------------------------------------------------------x

Civil Action No.: 07 CIV 01867 (JDB)

Judge John D. Bates

**DEFENDANT STEPHAN HUSI'S ANSWER TO THE COMPLAINT
OF THE UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

        Defendant Stephan Husi, by and through his attorneys, as set forth below, responds to the United States Securities and Exchange Commission's ("the Commission") Complaint and states as follows:

        1.     Denies the allegations in paragraph 1.

        2.     Denies the allegations in paragraph 2, except admits that Centerpulse Ltd. ("Centerpulse" or "the Company") obtained financing in 2002 that was used partially to fund a global settlement of numerous product liability lawsuits filed against the Company and that a consortium of banks conducted due diligence and received certain financial and budgetary information from Centerpulse.

3. Denies the allegations in paragraph 3 insofar as those allegations are directed against Mr. Husi and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3.

4. Denies the allegations in paragraph 4.

5. Denies the allegations in paragraph 5.

6. Denies the allegations in paragraph 6.

7. Denies the allegations in paragraph 7.

8. Denies the allegations in paragraph 8, except admits the Commission is seeking certain relief as provided in paragraph 8 in bringing the action against Mr. Husi.

9. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Mr. Husi denies the allegations in paragraph 9.

10. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Mr. Husi denies that Centerpulse furnished and filed materially false and misleading reports on Forms 6-K and 20-F with the Commission.

11. Admits the allegations in paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except admits that Urs Kamber was the Chief Financial Officer of

Centerpulse and that Mr. Kamber signed certain of the Company's financial statements. Mr. Husi denies the remaining allegations in paragraph 12.

13.     Admits the allegations in paragraph 13, except denies that Mr. Husi was the Corporate Controller of Centerpulse and states that Mr. Husi was the Director of Corporate Controlling.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, except that Mr. Husi admits that Richard May was Group Vice President of Finance and Tax Counsel during Mr. Husi's tenure at the Company.

15.     Admits that Centerpulse was previously named Sulzer Medica AG. Mr. Husi admits the remaining allegations in paragraph 15, except denies knowledge or information sufficient to form a belief as to when the Company's American Depository Shares ceased to be registered in the United States pursuant to Exchange Act Section 12(b) [15 U.S.C. §78l] and ceased to be traded on the New York Stock Exchange and, therefore, denies that the Company's American Depository Shares were de-registered and de-listed in October 2003.

16.     Admits the allegations in paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, except admits that Centerpulse was sued in a variety of product liability and personal injury lawsuits relating to alleged defects in medical implants.

18.     The allegations in this paragraph are not directed towards Mr. Husi, and, accordingly, no response is required. To the extent a response is required, Mr. Husi denies

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. Admits the allegations in paragraph 19.

20. Denies the allegations in paragraph 20, except admits the first sentence of this paragraph, and admits that Centerpulse provided the banks with certain financial and budgetary information, but denies sufficient information or knowledge to form a belief as to the specific budgetary information provided by Centerpulse to the banks.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. Denies the allegations in paragraph 23, except admits that Centerpulse accounted for transactions in its consolidated financial statements under the accrual method of accounting in accordance with International Financial Reporting Standards.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of paragraph 24 and denies the remaining allegations in paragraph 24.

25. Denies the allegations in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

- 5 -

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. Denies the allegations in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. Denies the allegations in paragraph 31, except refers to the emails cited in paragraph 31 for their true and complete text and the persons to whom they were sent.

32. Denies the allegations in paragraph 32, except refers to the emails cited in paragraph 32 for their true and complete text, the correct date, and the persons to whom they were sent.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33.

34. Denies the allegations in paragraph 34 of the Complaint, except admits that Centerpulse separately recorded $25 million in payments to Mr. Richard Scruggs in the fourth quarter of 2002.

35. Denies the allegations in paragraph 35 and refers to Financial Accounting Standards No. 5 for its true and complete text.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. Denies the allegations in paragraph 37, except admits that Zimmer Holdings, Inc. amended on December 16, 2003 its Current Report on Form 8-K (filed with the Securities and Exchange Commission on October 17, 2003) in connection with its acquisition of all outstanding shares of Centerpulse and other companies and refers to that filing for its true and complete text.

38. Denies the allegations in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

40. Denies the allegations in paragraph 40, except refers to the emails cited in paragraph 40 for their true and complete text and the persons to whom they were sent.

41. Denies the allegations in paragraph 41, except refers to the emails cited in paragraph 41 for their true and complete text and the persons to whom they were sent.

42. Denies the allegations in paragraph 42, except refers to the emails cited in paragraph 42 for their true and complete text and the persons to whom they were sent.

43. Denies the allegations in paragraph 43, except refers to the emails cited in paragraph 43 for their true and complete text and the persons to whom they were sent.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 44, and denies the remaining allegations of

paragraph 44, except refers to the emails cited in paragraph 44 for their true and complete text and the persons to whom they were sent.

45.     Denies the allegations in paragraph 45, except refers to the emails cited in paragraph 45 for their true and complete text and the persons to whom they were sent.

46.     Denies the allegations in paragraph 46, except refers to the emails cited in paragraph 46 for their true and complete text and the persons to whom they were sent.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, except admits that $3.4 million in costs were not written off in the third quarter of 2002.

48.     To the extent the allegations in this paragraph contain legal conclusions, no response is required.  To the extent a response is required, Mr. Husi denies the allegations in paragraph 48 of the Complaint and refers to AICPA Statement of Position 98-1 and International Accounting Standard No. 36 for their true and complete text.

49.     Denies the allegations in paragraph 49.

50.     Denies the allegations in paragraph 50.

51.     Denies sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 51.

52.     Denies sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 52, except admits on information and belief that Deloitte & Touche was retained to assist on sales, use and property tax exposure.

53. Denies sufficient information or knowledge to form a belief as to the truth of allegations in paragraph 53.

54. Denies sufficient information or knowledge to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 54, denies the remaining allegations in paragraph 54, except refers to the emails cited in paragraph 54 for their true and complete text and the persons to whom they were sent.

55. Denies the allegations in paragraph 55.

56. Denies sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 56.

57. Denies sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 57.

58. Denies the allegations in paragraph 58, except refers to the emails cited in paragraph 58 for their true and complete text and the persons to whom they were sent.

59. Denies the allegations in paragraph 59, except refers to the email cited in paragraph 59 for their true and complete text and the parties to them.

60. Denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

63. Denies the allegations in paragraph 63, except admits that Centerpulse filed its Report on Form 6-K on November 12, 2002 reporting its third quarter of 2002 financial results.

64. Denies the allegations in paragraph 64.

65. Denies the allegations in paragraph 65, and refers to the email cited for its true and complete text and the parties to it.

66. Denies sufficient information or knowledge to form a belief as to the truth of allegations in the first sentence of paragraph 66. Mr. Husi denies the remaining allegations in paragraph 66, except refers to the meeting minutes cited in paragraph 66 for their true and complete text.

67. Denies the allegations in paragraph 67.

68. Denies the allegations in paragraph 68, except refers to the emails cited in paragraph 68 for their true and complete text, their correct dates and the persons to whom they were sent.

69. Denies sufficient information or knowledge to form a belief as to the truth of allegations in paragraph 69.

70. Denies the allegations in paragraph 70, except refers to the emails cited in paragraph 70 for their true and complete text and the parties to them.

71. Denies sufficient information or knowledge to form a belief as to the truth of allegations in paragraph 71.

72. Denies the allegations in paragraph 72.

73. Denies the allegations in paragraph 73, except admits that Centerpulse announced its annual sales results for 2002 in a press release dated February 6, 2003 and refers to the press release for its true and complete text.

74. Denies the allegations in in paragraph 74, except refers to the email cited in paragraph 74 for its true and complete text and the persons to whom it was sent.

75. Denies sufficient information or knowledge to form a belief as to the truth of allegations in paragraph 75.

76. Denies sufficient information or knowledge to form a belief as to the truth of allegations in paragraph 76.

77. Denies sufficient information or knowledge to form a belief as to the truth of allegations in paragraph 77.

78. Denies sufficient information or knowledge to form a belief as to the truth of allegations in paragraph 78.

79. Denies the allegations in paragraph 79.

80. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Mr. Husi denies the allegations in paragraph 80 and refers to Financial Accounting Standards No. 5 and International Accounting Standards No. 37 for their true and complete text.

81. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent a response is required, Mr. Husi denies the allegations in

paragraph 81 and refers to Financial Accounting Standards No. 5 and International Accounting Standards No. 37 for their true and complete text.

82.     Denies the allegations in paragraph 82.

83.     Admits that in July 2003, Centerpulse announced that it would increase the Recall Reserve by $45 million and refers to this announcement for its true and complete text. Mr. Husi admits that in the third quarter of 2003 Centerpulse increased the reserve by an additional CHF 61 million and refers to this announcement for its true and complete text. Mr. Husi denies the remaining allegations in paragraph 83.

84.     Denies the allegations in paragraph 84.

85.     Denies the allegations in paragraph 85, except refers to the emails cited in paragraph 85 for their true and complete text and the persons to whom they were sent.

86.     Denies the allegations in paragraph 86, except refers to the emails cited in paragraph 86 for their true and complete text and the persons to whom they were sent.

87.     Denies the allegations in paragraph 87.

88.     Denies the allegations in paragraph 88.

89.     Denies the allegations in paragraph 89, except admits that Centerpulse issued a press release on March 20, 2003 announcing its 2002 financial results, filed a Form 6-K with the Commission on March 28, 2003, and refers to the filing on Form 6-K for its true and complete text.

90. Denies the allegations in paragraph 90, except admits that Centerpulse filed its 2002 annual report on Form 20-F with the Commission on April 25, 2003 and refers to the filing on Form 20-F for its true and complete text.

91. Denies the allegations in paragraph 91, except admits that Mr. Husi received a bonus and an option award from Centerpulse.

92. The allegations in this paragraph are not directed towards Mr. Husi, and, accordingly, no response is required. To the extent that a response is required, Mr. Husi denies information or knowledge sufficient to form a belief as to the truth of the allegations paragraph 92.

93. Denies the allegations in paragraph 93, except admits that Mr. Husi received a bonus and an option award of 304 stock options, which he later exercised for a profit.

94. The allegations in this paragraph are not directed towards Mr. Husi, and, accordingly, no response is required. To the extent that a response is required, Mr. Husi denies information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 94.

95. Mr. Husi incorporates by reference his answers to paragraphs 1 through 94 set forth herein.

96. To the extent the allegations in this paragraph contain legal conclusions, no response is required. Mr. Husi denies the remaining allegations in paragraph 96.

97. To the extent the allegations in this paragraph contain legal conclusions, no response is required. Mr. Husi denies the remaining allegations in paragraph 97.

98. Mr. Husi denies the allegations in paragraph 98.

99. Mr. Husi incorporates by reference his answers to paragraphs 1 through 94 set forth herein.

100. To the extent the allegations in this paragraph contain legal conclusions, no response is required. Mr. Husi denies the remaining allegations in paragraph 100.

101. Mr. Husi incorporates by reference his answers to paragraphs 1 through 94 set forth herein.

102. To the extent the allegations in this paragraph contain legal conclusions, no response is required. Mr. Husi denies the remaining allegations in paragraph 102.

103. To the extent the allegations in this paragraph contain legal conclusions, no response is required. Mr. Husi denies the remaining allegations in paragraph 103.

104. Mr. Husi incorporates by reference his answers to paragraphs 1 through 94 set forth herein.

105. The allegations in this paragraph are not directed towards Mr. Husi, and, accordingly, no response is required. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent that this paragraph makes factual allegations requiring a response, Mr. Husi denies those allegations.

106. The allegations in this paragraph are not directed towards Mr. Husi, and, accordingly, no response is required. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent that this paragraph makes factual allegations requiring a response, Mr. Husi denies those allegations.

107. Mr. Husi incorporates by reference his answers to paragraphs 1 through 94 set forth herein.

108. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent that this paragraph makes factual allegations requiring a response, Mr. Husi denies those allegations.

109. Mr. Husi incorporates by reference his answers to paragraphs 1 through 94 set forth herein.

110. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent that this paragraph makes factual allegations requiring a response, Mr. Husi denies those allegations.

111. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent that this paragraph makes factual allegations requiring a response, Mr. Husi denies those allegations.

112. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent that this paragraph makes factual allegations requiring a response, Mr. Husi denies those allegations.

113. Mr. Husi incorporates by reference his answers to paragraphs 1 through 94 set forth herein.

114. The allegations in this paragraph are not directed towards Mr. Husi, and, accordingly, no response is required. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent that this paragraph makes factual allegations requiring a response, Mr. Husi denies those allegations.

115. The allegations in this paragraph are not directed towards Mr. Husi, and, accordingly, no response is required. To the extent the allegations in this paragraph contain legal conclusions, no response is required. To the extent that this paragraph makes factual allegations requiring a response, Mr. Husi denies those allegations.

Mr. Husi reserves the right to amend this Answer or to assert other defenses as this action proceeds.

**PRAYER FOR RELIEF**

Mr. Husi denies the allegations in the prayer for relief, including its subparts (I) through (VIII), and denies the Commission is entitled to any of the requested relief.

**AFFIRMATIVE DEFENSES**

**I.**

The Complaint fails to state a claim upon which relief can be granted.

**II.**

The Complaint is barred in whole or in part by the applicable statute of limitations.

### III.

The Complaint is barred in whole or in part by laches.

### IV.

The Court lacks personal jurisdiction over Mr. Husi.

### DEMAND FOR JURY TRIAL

Mr. Husi demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:   New York, New York
        November 28, 2007

                              ROBBINS RUSSELL ENGLERT ORSECK
                              UNTEREINER & SAUBER LLP

                              */s/ Lawrence S. Robbins*
                              Lawrence S. Robbins (D.C. Bar No. 420260)
                              1801 K Street Suite 411
                              Washington, D.C.  20006
                              Telephone: (202) 775-4500
                              Facsimile: (202) 775-4510

                              Of Counsel
                              KRAMER LEVIN NAFTALIS & FRANKEL LLP
                              Alan R. Friedman (not admitted in D.C.)
                              Christiaan Johnson-Green (not admitted in D.C.)
                              Jessica Glass (not admitted in D.C.)
                              1177 Avenue of the Americas
                              New York, New York  10036
                              Telephone: (212) 715-9100
                              Facsimile: (212) 715-8000

                              Attorneys for defendant Stephan Husi