UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| v. | : No. 1:07-cv-01867 (JDB) |
| URS KAMBER, STEPHAN HUSI, and RICHARD JON MAY, | : |
| Defendants. | : |

---

## THE PARTIES' JOINT RULE 16.3 REPORT
## AND PROPOSED DISCOVERY PLAN

The required meeting of parties' counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure was held on January 11, 2007, at 2:00 p.m. The participants in the meeting were: (1) Richard E. Simpson and Vincente L. Martinez, representing plaintiff Securities and Exchange Commission; (2) Alan R. Friedman and Christiaan Johnson-Green of Kramer Levin Naftalis & Frankel LLP, representing defendant Stephan Husi; and (3) Bruce M. Bettigole and Adriaen M. Morse, Jr. of Mayer Brown LLP, representing defendant Richard May.

### 1. INITIAL DISCLOSURES

  a.  The parties do not propose changes in the timing or requirement of initial disclosures under Rule 26(a)(1). They do not stipulate to dispense with the initial disclosures. The plaintiff agrees that the defendants are not required to make an initial production of documents that have already been produced to the plaintiff by Centerpulse, Ltd. or Zimmer Holdings, Inc., or which have been withheld as privileged by those non-parties.

  b.  The parties agree to serve their disclosures on or before February 8, 2008.

    c.    The parties have not reached agreements to conduct informal discovery.

    d.    The parties' claims or defenses will not involve extensive electronically stored information that has not already been produced by the parties. Some electronic discovery issues might arise as the defendants seek production of e-mails and electronically stored data from third parties such as PricewaterhouseCoopers or Zimmer Holdings, Inc.

## 2. MOTIONS TO DISMISS

The parties agree that this case is not likely to be disposed of by motions to dismiss or other dispositive motions on the pleadings. The defendants have filed answers to the complaint denying its substantive allegations.

## 3. AMENDMENT OF PLEADINGS AND JOINDER OF PARTIES

The deadline for motions for amendment of pleadings or joinder of parties should be March 7, 2008.

## 4. CONSENT TO A MAGISTRATE JUDGE

The parties do not unanimously consent to the exercise of jurisdiction by a magistrate judge.

## 5. SETTLEMENT

As required by Rule 26(f), the parties have discussed the possibilities of a prompt settlement or resolution of the case by alternative dispute resolution. They were not able to agree on a settlement or a means of alternative dispute resolution. They do not believe that the case could benefit from alternative dispute resolution procedures.

## 6. CASE PLAN AND SCHEDULE

    a.    **Discovery Cut-Off:** The parties have discussed the anticipated extent of

discovery and how long discovery should take.  Discovery should be bifurcated between fact discovery and expert discovery.  Fact discovery would be taken first, with expert discovery to follow.

       Fact discovery cut-off:  September 30, 2008.

       Expert discovery cut-off:  December 17, 2008.

       b.      **Summary Judgment Deadline**:

The defendants believe that the case can be resolved by summary judgment.

       Moving papers due:  January 30, 2009.

       Opposing papers due:  March 2, 2009.

       Reply papers due:  March 16, 2009.

       c.      **Expert Witness Disclosure**:

(1) The parties agree that one anticipated field of expert testimony is International Financial Reporting Standards and United States Generally Accepted Accounting Principles as they pertain to: (a) the establishment, maintenance and release of reserves and accrued liabilities; and (b) the recognition of charges for impaired assets.

(2) Defendants may consider the use of other experts.

(3) The plaintiff takes the position that each party should be limited to two expert witnesses and two rebuttal experts.  The defendants take the position that there should not be a Court-imposed limit on the number of expert witnesses or rebuttal experts.

(4) The requirement of the exchange of expert witness reports and information pursuant to Rule 26(a)(2) should not be modified.  The parties agree to designate all experts and provide opposing counsel with all information specified in Rule 26(a)(2) on or before October 31, 2008.

The parties agree to designate all rebuttal experts and provide opposing counsel with all information specified in Rule 26(a)(2) on or before November 26, 2008.

    d.    **Discovery Limitations**:

(1)  The defendants take the position that depositions should not begin until June 2, 2008. The plaintiff takes the position that there should not be a Court-imposed delay in the taking of depositions and believes that depositions can begin thirty days after the February 22, 2008 initial scheduling conference.

(2)  The defendants take the position that more than 10 depositions may be needed and that some depositions may take more than 7 hours.  The plaintiff takes the position that the number of depositions of fact witnesses should be limited to 10 per party and that each party's examination of each deposition witness should be limited to one day of 7 hours.

(3)  The plaintiff takes the position that the number of requests for the production of documents (including all discrete subparts) served by one party on another should be limited to 25 per party.  The defendants take the position that there should not be a Court-imposed limit on the number of requests for the production of documents.

(4)  The plaintiff takes the position that the number of requests for admissions (including all discrete subparts) relating to facts, the application of law to fact, or opinions about either [*see* 36(a)(1)(A)], should be limited to 25 per party.  The defendants take the position that there should not be a Court-imposed limit on the number of requests for admissions.

(5)  The plaintiff takes the position that the number of written interrogatories served (including all discrete subparts), should be limited to 25 per party.  The defendants take the position that there should not be a Court-imposed limit on the number of written interrogatories.

**7. <u>FINAL PRETRIAL CONFERENCE</u>**

The parties propose that the final pretrial conference be held on April 17, 2009.  The parties agree to prepare and submit to the Court their respective pretrial statements on or before April 6, 2009 (eleven days before the final pretrial conference).

**8. <u>FIRM TRIAL DATE</u>**

If permitted by the Court's docket and schedule, the parties propose that the Court set a firm trial date of May 18, 2009.  The anticipated length of trial is twenty days.  The trial is to a jury.

**9. OTHER SCHEDULING ISSUES**

Other than the above, there are no discovery or scheduling issues over which the parties disagree. The parties do not believe that any other matters are appropriate for inclusion in a scheduling order.

DATED this 23rd day of January, 2008.

Respectfully submitted:

s/ *Richard E. Simpson*
Richard E. Simpson
Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
(202) 551-4492
Attorney for Plaintiff

s/ *Alan R. Friedman*
Alan R. Friedman
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9300
Attorneys for Defendant Stephan Husi

s/ *Bruce M. Bettigole*
Bruce M. Bettigole
Mayer Brown LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3267
Attorneys for Defendant Richard May