UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                              Plaintiff,<br><br>                    v.<br><br>URS KAMBER,<br>STEPHAN HUSI, and<br>RICHARD JON MAY,<br><br>                              Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: No. 1:07-cv-01867 (JDB)<br>:<br>: **NOTICE OF MOTION FOR**<br>: **THE ISSUANCE OF**<br>: **LETTERS OF REQUEST**<br>:<br>:<br>: |

PLEASE TAKE NOTICE that, upon the accompanying affidavit of Alan R. Friedman, Esq., sworn to on February 21, 2008, and the exhibit annexed thereto, defendant Stephan Husi will move this Court, at the United States Courthouse, 333 Constitution Avenue, N.W., Washington, D.C., 20001, at a time and date convenient for the Court, for an order, pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, issuing letters of request directed to the central authority of Switzerland, the Federal Justice and Police Department, Federal Office for Police Matters, International Judicial and Extrajudicial Assistance, Bundesrain 20, 3003 Bern, Switzerland, requesting documents from PricewaterhouseCoopers A.G. and testimony from Rene Rausenberger on the ground that there is an action pending and undetermined in this Court, and without these documents and testimony justice cannot be completely done between and among the parties. Plaintiff, the Securities and Exchange Commission, does not oppose this motion.

WHEREFORE, Mr. Husi prays that his motion for the issuance of letters of request be granted in all respects.

KL3 2641929.2

Date:  February 21, 2008

Respectfully submitted,

By:

Alan R. Friedman (*pro hac vice*)
Christiaan Johnson-Green (*pro hac vice*)
Jessica Glass (*pro hac vice*)
1177 Avenue of the Americas
New York, New York  10036
(212) 715-9100

ROBBINS RUSSELL ENGLERT ORSECK
UNTEREINER & SAUBER LLP
Lawrence S. Robbins (D.C. Bar No.
420260)
1801 K Street Suite 411
Washington, D.C.  20006
(202) 775-4500

*Attorneys for Defendant Stephan Husi*

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

            v.

URS KAMBER,
STEPHAN HUSI, and
RICHARD JON MAY,

                    Defendants.

No. 1:07-cv-01867 (JDB)

**AFFIDAVIT IN SUPPORT OF
MOTION BY DEFENDANT
STEPHAN HUSI FOR
THE ISSUANCE OF
LETTERS ROGATORY**

---

ALAN R. FRIEDMAN, being duly sworn, deposes and says:

1.    I am a member of the law firm of Kramer Levin Naftalis & Frankel LLP, counsel for defendant Stephan Husi in this action.

2.    I am familiar with the facts and circumstances stated here and respectfully submit this affidavit in support of Mr. Husi's motion, pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in Civil of Commercial Matters, for the issuance of letters of request to obtain documents from PricewaterhouseCoopers A.G. and to take the deposition of Rene Rausenberger, a PricewaterhouseCoopers A.G. employee and a Swiss national.

3.    A proposed order instructing the Clerk of this Court to issue the letters of request is attached as Exhibit A hereto.

4.    The letters of request to be issued are attached as Exhibits B and C hereto. They ask the Swiss central authority, the Federal Justice and Police Department, in furtherance of justice and by the proper and usual process, to cause PricewaterhouseCoopers A.G. to produce

certain documents and Rene Rausenbeger to give testimony relating to facts which are relevant to the issues of this case.

     5.      No previous application for the relief sought herein has been made.

     6.      As required by Local Rule 7(m), I have conferred with Richard E. Simpson, Esq., counsel for the Securities and Exchange Commission, who indicated that plaintiff does not oppose this application.

WHEREFORE, Mr. Husi respectfully requests that this Court order, pursuant to 28 U.S.C. § 1781 and the Hauge Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, that letters of request be issued to compel the production of documents from PricewaterhouseCoopers A.G. and the deposition of Rene Rausenberger.

                                              *Alan R. Friedman*
                                            Alan R. Friedman

Sworn to before me this
21st day of February, 2008

Notary Public

SUSAN ARONSON
NOTARY PUBLIC, State of New York
No. 01AR0184090
Qualified in Kings County
Commission Expires Feb. 28, 2010

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | : |
| | : |
| v. | : No. 1:07-cv-01867 (JDB) |
| | : |
| URS KAMBER, | : **PROPOSED ORDER** |
| STEPHAN HUSI, and | : **DIRECTING ISSUANCE OF** |
| RICHARD JON MAY, | : **LETTERS OF REQUEST** |
| | : |
| Defendants. | : |
| | : |

John D. Bates, *District Judge.*

This matter having come on for hearing upon the motion of defendant Stephan Husi, for letters of request to compel the production of documents by PricewaterhouseCoopers A.G. and deposition of Rene Rausenberger, and it appearing that such letters of request are appropriate,

Now therefore, it is hereby ordered that the Clerk of this Court shall issue the letters of request attached to this order.

SO ORDERED.

Dated: _____, 2008

_____
John D. Bates
United States District Judge

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------- X
                     :

UNITED STATES SECURITIES        :
AND EXCHANGE COMMISSION,    :
                     :

        Plaintiff,        :    Civil Action No.: 07 CIV 01867 (JDB)
                     :

                     :

        v.           :
                     :    REQUEST FOR INTERNATIONAL
URS KAMBER,             :    JUDICIAL ASSISTANCE (LETTER OF
STEPHAN HUSI, and       :    REQUEST)
RICHARD JON MAY,      :
                     :

        Defendants.    :

---------------------------------------------------------- X

FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

COLUMBIA TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE COUNTRY OF

SWITZERLAND, GREETINGS:

      The United States District Court for the District of Columbia presents its

compliments to the appropriate judicial authorities of the country of Switzerland, and requests

international judicial assistance to obtain evidence to be used in a civil proceeding before this

court in the above captioned matter. This Court has determined that it would further the interests

of justice if the person described below produced certain documents relating to facts which are

relevant to the issues of this case.

**SECTION I.**

    1.    <u>SENDER</u>

        The Honorable John D. Bates
        United States District Judge

United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

2.    CENTRAL AUTHORITY OF THE REQUESTED STATE

The Federal Justice and Police Department
Federal Office for Police Matters
International Judicial and Extrajudicial Assistance
Bundesrain 20
3003 Bern
Switzerland

3.    PERSON TO WHOM EXECUTED REQUEST IS TO BE RETURNED

The Honorable John D. Bates
United States District Judge
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

## SECTION II.

4.    IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENCTION ON
THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL
MATTERS ("THE CONVENTION"), THE UNDERSIGNED APPLICANT
HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

5(a).    REQUESTING JUDICIAL AUTHORITY (ARTICLE 3(a))

The Honorable John D. Bates
United States District Judge
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

5(b).    TO THE COMPETENT AUTHORITY
OF SWITZERLAND (ARTICLE 3(a))

The Federal Justice and Police Department
Federal Office for Police Matters
International Judicial and Extrajudicial Assistance

Bundesrain 20
3003 Bern
Switzerland

6.    NAMES AND ADDRESSES OF THE PARTIES
      AND THEIR REPRESENTATIVES (ARTICLE 3(b))

The evidence requested relates to a civil action proceeding before the requesting

judicial authority:  Securities and Exchange Commission v. Urs Kamber, Stephan Husi, and

Richard May, Civil Action No.: 07 CIV 01867.  The applicant for this letter of request was

defendant Stephan Husi.

7.    NATURE AND PURPOSE OF THE PROCEEDINGS
      AND SUMMARY OF THE FACTS (ARTICLE 3(c))

The United States Securities and Exchange Commission (the "SEC" or the

"Commission") commenced the above-captioned enforcement action against Stephan Husi, a

Swiss citizen and former Controller of Centerpulse, Ltd. ("Centerpulse"), and Richard May, a

United States citizen and former Group Vice President of Finance and Tax Counsel of

Centerpulse USA, Inc. and Treasurer of Centerpulse USA Holding Company.  Centerpulse was a

corporation headquartered in Switzerland that manufactured a variety of medical devices.  Its

securities were publicly traded in the United States.  During the relevant time period,

Centerpulse's operations were split along divisions of product lines – Orthopedic, Dental and

Spine-Tech.

The Commission alleges that Messrs. Husi and May engaged in a scheme to

inflate Centerpulse's reported income in the third and fourth quarter of 2002.  Among other

things, the Commission contends that:  (1) Husi and May delayed Centerpulse's recognition of a

$25 million payment to Richard Scruggs, an outside attorney assisting Centerpulse in the

settlement of litigation related to the recall of a medical implant manufactured by its Orthopedic

division; (2) Husi failed to write-off $3.4 million in costs related to the development of a

- 3 -

software program called the "Global Supply Chain"; (3) Husi and May directed the release of

$2.4 million from a Centerpulse reserve established to satisfy sales, use and property tax liability

incurred by its Spine-Tech division; (4) Husi directed Centerpulse's Dental division to release

$1.2 million from an inventory variance reserve; and (5) Husi and May failed to increase

Centerpulse's litigation reserve relating to the medical implant recall.

The Commission claims that, as a result of these alleged acts, Centerpulse

overstated its third quarter 2002 pretax income by approximately $32 million and its fourth

quarter 2002 pretax income by approximately $26.4 million. The Commission has charged

Messrs. Husi and May with violations of Sections 10(b) and 13(b)(5) of the Securities Exchange

Act of 1934 ("Exchange Act") and Rules 10b-5 and 13b2-2 thereunder and with aiding and

abetting Centerpulse's violations of Exchange Act Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B)

and Rules 12b-20, 13a-1, and 13a-16 thereunder. The Commission additionally charged Mr.

May with violating Exchange Act Rule 13b2-2.

Messrs. Husi and May have denied the Commission's allegations and have

demanded a jury trial.

8.    EVIDENCE TO BE OBTAINED (ARTICLE 3(d))

The evidence to be obtained consists of documents necessary for use in the trial of

the above-captioned action.   PricewaterhouseCoopers A.G. is believed to be in possession of

documents concerning Centerpulse's financial statements and accounting, including the recall

reserve, the sales, use, and property tax reserve, the inventory variance reserve, the Global

Supply Chain project, and payments made to Mr. Richard Scruggs. The requested documents

are necessary to Messrs. Husi's and May's defense of the Commission's charges and they will be

seriously prejudiced if they cannot obtain this evidence. Accordingly, Mr. Husi sought the

assistance of this Court in the form of this Letter Rogatory, requesting Swiss judicial authorities

to issue the appropriate orders or subpoenas to compel the production of relevant documents in PricewaterhouseCoopers A.G.'s possession, which are necessary in the interests of justice to determine the issues before this Court.

**SECTION III.**

9.     <u>IDENTITY AND ADDRESS OF PERSONS TO BE EXAMINED</u>

PricewaterhouseCoopers, A.G.
Attn. Custodian of Records
Birchstrasse 160
CH-8050 Zurich
Switzerland

10.     <u>SUBJECT-MATTER ABOUT WHICH DEPONENT IS TO BE EXAMINED</u>

In the interest of justice, it is proposed that PricewaterhouseCoopers A.G. produce documents, including audit workpapers, relating to the following issues and matters:

    a.     Centerpulse's accounting for the Global Supply Chain project during the third and fourth quarters of 2002

    b.     Centerpulse's efforts to finance its medical implant recall settlement during the third and fourth quarters of 2002

    c.     Centerpulse's accounting for the sales, use and property tax liability reserve in its Spine-Tech division during the third quarter of 2002

    d.     Centerpulse's accounting for the inventory variance reserve in its Dental division during the third quarter of 2002

    e.     Centerpulse's accounting for payments made to Mr. Richard Scruggs.

11.     <u>REQUEST FOR NOTIFICATION</u>

**Please send notice of the time and place for the execution of the Request to**:

Clerk of the United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.

Washington, D.C. 20001
United States of America

Alan R. Friedman, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
United States of America
*Counsel for Defendant Stephan Husi*

Bruce M. Bettigole, Esq.
Mayer Brown, LLP
1909 K Street, N.W.
Washington, D.C. 20006
United States of America
*Counsel for Defendant Richard May*

Richard E. Simpson, Esq.
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
*Counsel for Plaintiff*

**Please also send responsive documents to:**

Clerk of the United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

12.    FEES AND COSTS

The fees and costs incurred which are reimbursable under the second paragraph of

article 14 or under article 26 of the Convention will be borne by Messrs. Husi and May, through

their counsel. Their payment of any such fees and costs is without prejudice to Messrs. Husi and

May making subsequent requests to be reimbursed for these costs by other parties to the action.

**SECTION IV.**

In the spirit of international comity and reciprocity, this Court hereby requests international judicial assistance as set forth in this Letter Rogatory seeking compulsion of the production of documents from PricewaterhouseCoopers A.G.  This Court expresses its willingness to provide similar assistance to the appropriate judicial authorities of Switzerland to the extent allowed by 28 U.S.C. § 1782, if future circumstances so require.


Date:_____          _____

                                               The Honorable John D. Bates
                                               UNITED STATES DISTRICT JUDGE

                                               United States District Court
                                               District of Columbia
                                               333 Constitution Avenue, N.W.
                                               Washington, D.C. 20001
                                               United States of America

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

—————————————————— X
                                                    :
UNITED STATES SECURITIES                            :
AND EXCHANGE COMMISSION,                             :
                                                    :
          Plaintiff,                                :     Civil Action No.: 07 CIV 01867 (JDB)
                                                    :
                                                    :
          v.                                        :
                                                    :     REQUEST FOR INTERNATIONAL
URS KAMBER,                                          :     JUDICIAL ASSISTANCE (LETTER OF
STEPHAN HUSI, and                                   :     REQUEST)
RICHARD JON MAY,                                     :
                                                    :
          Defendants.                               :
                                                    :
—————————————————— X

FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE COUNTRY OF
SWITZERLAND, GREETINGS:

The United States District Court for the District of Columbia presents its
compliments to the appropriate judicial authorities of the country of Switzerland, and requests
international judicial assistance to obtain evidence to be used in a civil proceeding before this
court in the above captioned matter. This Court has determined that it would further the interests
of justice if the person described below was deposed, under oath, as to their knowledge of the
facts which are relevant to the issues of this case.

**SECTION I.**

1.     <u>SENDER</u>

       The Honorable John D. Bates
       United States District Judge

United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

2.    CENTRAL AUTHORITY OF THE REQUESTED STATE

The Federal Justice and Police Department
Federal Office for Police Matters
International Judicial and Extrajudicial Assistance
Bundesrain 20
3003 Bern
Switzerland

3.    PERSON TO WHOM EXECUTED REQUEST IS TO BE RETURNED

The Honorable John D. Bates
United States District Judge
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

**SECTION II.**

4.    IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENCTION ON
THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL
MATTERS ("THE CONVENTION"), THE UNDERSIGNED APPLICANT
HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

5(a).    REQUESTING JUDICIAL AUTHORITY (ARTICLE 3(a))

The Honorable John D. Bates
United States District Judge
United States District Court for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

5(b).    TO THE COMPETENT AUTHORITY
OF SWITZERLAND (ARTICLE 3(a))

The Federal Justice and Police Department
Federal Office for Police Matters
International Judicial and Extrajudicial Assistance

- 2 -

Bundesrain 20
3003 Bern
Switzerland

6.    NAMES AND ADDRESSES OF THE PARTIES
      AND THEIR REPRESENTATIVES (ARTICLE 3(b))

The evidence requested relates to a civil action proceeding before the requesting

judicial authority:  Securities and Exchange Commission v. Urs Kamber, Stephan Husi, and

Richard May, Civil Action No.: 07 CIV 01867.  The applicant for this letter of request was

defendant Stephan Husi.

7.    NATURE AND PURPOSE OF THE PROCEEDINGS
      AND SUMMARY OF THE FACTS (ARTICLE 3(c))

The United States Securities and Exchange Commission (the "SEC" or the

"Commission") commenced the above-captioned enforcement action against Stephan Husi, a

Swiss citizen and former Controller of Centerpulse, Ltd. ("Centerpulse"), and Richard May, a

United States citizen and former Group Vice President of Finance and Tax Counsel of

Centerpulse USA, Inc. and Treasurer of Centerpulse USA Holding Company.  Centerpulse was a

corporation headquartered in Switzerland that manufactured a variety of medical devices.  Its

securities were publicly traded in the United States.  During the relevant time period,

Centerpulse's operations were split along divisions of product lines – Orthopedic, Dental and

Spine-Tech.

The Commission alleges that Messrs. Husi and May engaged in a scheme to

inflate Centerpulse's reported income in the third and fourth quarter of 2002.  Among other

things, the Commission contends that:  (1) Husi and May delayed Centerpulse's recognition of a

$25 million payment to Richard Scruggs, an outside attorney assisting Centerpulse in the

settlement of litigation related to the recall of a medical implant manufactured by its Orthopedic

division; (2) Husi failed to write-off $3.4 million in costs related to the development of a software program called the "Global Supply Chain"; (3) Husi and May directed the release of $2.4 million from a Centerpulse reserve established to satisfy sales, use and property tax liability incurred by its Spine-Tech division; (4) Husi directed Centerpulse's Dental division to release $1.2 million from an inventory variance reserve; and (5) Husi and May failed to increase Centerpulse's litigation reserve relating to the medical implant recall.

The Commission claims that, as a result of these alleged acts, Centerpulse overstated its third quarter 2002 pretax income by approximately $32 million and its fourth quarter 2002 pretax income by approximately $26.4 million. The Commission has charged Messrs. Husi and May with violations of Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 13b2-2 thereunder and with aiding and abetting Centerpulse's violations of Exchange Act Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) and Rules 12b-20, 13a-1, and 13a-16 thereunder. The Commission additionally charged Mr. May with violating Exchange Act Rule 13b2-2.

Messrs. Husi and May have denied the Commission's allegations and have demanded a jury trial.

8.     EVIDENCE TO BE OBTAINED (ARTICLE 3(d))

The evidence to be obtained consists of testimony necessary for use in the trial of the above-captioned action. Rene Rausenberger, a current employee of PricewaterhouseCoopers A.G., has knowledge of Centerpulse's financial statements and accounting, including the recall reserve, the sales, use, and property tax reserve, the inventory variance reserve, the Global Supply Chain project, and payments made to Mr. Richard Scruggs. The requested testimony is necessary to Messrs. Husi's and May's defense of the Commission's charges and they will be

seriously prejudiced if they cannot obtain this evidence. Accordingly, Mr. Husi sought the assistance of this Court in the form of this Letter Rogatory, requesting Swiss judicial authorities to issue the appropriate orders or subpoenas to compel the deposition of Rene Rausenberger, which is necessary in the interests of justice to determine the issues before this Court.

**SECTION III.**

9.    IDENTITY AND ADDRESS OF PERSONS TO BE EXAMINED

        Rene Rausenberger
        PricewaterhouseCoopers, A.G.
        Birchstrasse 160
        CH-8050 Zurich
        Switzerland

10.    SUBJECT-MATTER ABOUT WHICH DEPONENT IS TO BE EXAMINED

        In the interest of justice, it is proposed that Rene Rausenberger give testimony relating to the following issues and matters:

        a.    Centerpulse's financial statements and accounting during the third and
               fourth quarters of 2002

        b.    Centerpulse's efforts to finance its medical implant recall settlement

        c.    Centerpulse's accounting for the sales, use and property tax liability
               reserve in its Spine-Tech division

        d.    Centerpulse's accounting for the inventory variance reserve in its Dental
               division

        e.    Centerpulse's accounting for the Global Supply Chain project

        f.    Centerpulse's accounting for payments made to Mr. Richard Scruggs.

11.    REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND SPECIFIC FOR TO BE USED

This Court requests that the examinations of the individual named herein be taken under oath before (1) a secretary of embassy, consul general, vice-consul or consular agent of the United States of America or any officer authorized to administer oaths under the laws of the United States or Switzerland, or (2) before a person appointed by the High Court and empowered to administer oaths and take testimony.

This Court further requests that you require that the testimony be given during the depositions be given under the following oath: "I [name of deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God." In the event that the Law of Switzerland does not permit the swearing of an oath by a particular witness, this Court requests that a duly appointed officer make inquiry of such witness to ensure that he understands the gravity of the procedure and affirms that his statement will be true and correct in all respects.

12.    SPECIAL METHODS OF PROCEDURES TO BE FOLLOWED

This Court requests that the examination be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent that such procedure is incompatible with the internal laws of Switzerland.

This Court further requests that you cause said examination to be taken before a commercial stenographer, to be videotaped, and a verbatim transcript to be produced, because such examination will be conducted for trial purposes and not simply for discovery purposes, and that such books, papers, or other articles that said witness may identify at the oral examination be

marked as exhibits and attested, and that you cause these to be returned to this Court under cover duly sealed, at the address provided below.

This Court also requests that counsel for Messrs. Husi and May be notified of the date, time and place of the deposition, and that they be allowed to appear at the deposition and to participate by asking questions of the deponent.

13.    REQUEST FOR NOTIFICATION

**Please send notice of the time and place for the execution of the Request to:**

Clerk of the United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

Alan R. Friedman, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
United States of America
*Counsel for Defendant Stephan Husi*

Bruce M. Bettigole, Esq.
Mayer Brown, LLP
1909 K Street, N.W.
Washington, D.C. 20006
United States of America
*Counsel for Defendant Richard May*

Richard E. Simpson, Esq.
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
*Counsel for Plaintiff*

**Please also send the original verbatim transcripts of the deposition to:**

Clerk of the United States District Court
for the District of Columbia
333 Constitution Avenue, N.W.

Washington, D.C. 20001
United States of America

14.    FEES AND COSTS

The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by Messrs. Husi and May, through their counsel. Their payment of any such fees and costs is without prejudice to Messrs. Husi and May making subsequent requests to be reimbursed for these costs by other parties to the action.

**SECTION IV.**

In the spirit of international comity and reciprocity, this Court hereby requests international judicial assistance as set forth in this Letter Rogatory seeking compulsion of the herein named individual to appear for videotaped deposition. This Court expresses its willingness to provide similar assistance to the appropriate judicial authorities of Switzerland to the extent allowed by 28 U.S.C. § 1782, if future circumstances so require.

Date:_____    _____
                                    The Honorable John D. Bates
                                    UNITED STATES DISTRICT JUDGE

                                    United States District Court
                                    District of Columbia
                                    333 Constitution Avenue, N.W.
                                    Washington, D.C. 20001
                                    United States of America