IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

    Plaintiff,

v.

URS KAMBER,
STEPHAN HUSI, and
RICHARD JON MAY,

    Defendants.

Civil Action No.: 07 CIV 01867 (JDB)

REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE (LETTER OF
REQUEST)

---

FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE COUNTRY OF SWITZERLAND, GREETINGS:

The United States District Court for the District of Columbia presents its compliments to the appropriate judicial authorities of the country of Switzerland, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter. This Court has determined that it would further the interests of justice if the person described below produced certain documents relating to facts which are relevant to the issues of this case.

**SECTION I.**

    1.    <u>SENDER</u>

        The Honorable John D. Bates
        United States District Judge

       United States District Court for the District of Columbia
       333 Constitution Avenue, N.W.
       Washington, D.C. 20001
       United States of America

2.     **CENTRAL AUTHORITY OF THE REQUESTED STATE**

       The Federal Justice and Police Department
       Federal Office for Police Matters
       International Judicial and Extrajudicial Assistance
       Bundesrain 20
       3003 Bern
       Switzerland

3.     **PERSON TO WHOM EXECUTED REQUEST IS TO BE RETURNED**

       The Honorable John D. Bates
       United States District Judge
       United States District Court for the District of Columbia
       333 Constitution Avenue, N.W.
       Washington, D.C. 20001
       United States of America

**SECTION II.**

4.     IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENCTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS ("THE CONVENTION"), THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

5(a).  **REQUESTING JUDICIAL AUTHORITY (ARTICLE 3(a))**

       The Honorable John D. Bates
       United States District Judge
       United States District Court for the District of Columbia
       333 Constitution Avenue, N.W.
       Washington, D.C. 20001
       United States of America

5(b).  **TO THE COMPETENT AUTHORITY OF SWITZERLAND (ARTICLE 3(a))**

       The Federal Justice and Police Department
       Federal Office for Police Matters
       International Judicial and Extrajudicial Assistance

>Bundesrain 20
>3003 Bern
>Switzerland

6. <u>NAMES AND ADDRESSES OF THE PARTIES
AND THEIR REPRESENTATIVES (ARTICLE 3(b))</u>

The evidence requested relates to a civil action proceeding before the requesting judicial authority: <u>Securities and Exchange Commission v. Urs Kamber, Stephan Husi, and Richard May</u>, Civil Action No.: 07 CIV 01867. The applicant for this letter of request was defendant Stephan Husi.

7. <u>NATURE AND PURPOSE OF THE PROCEEDINGS
AND SUMMARY OF THE FACTS (ARTICLE 3(c))</u>

The United States Securities and Exchange Commission (the "SEC" or the "Commission") commenced the above-captioned enforcement action against Stephan Husi, a Swiss citizen and former Controller of Centerpulse, Ltd. ("Centerpulse"), and Richard May, a United States citizen and former Group Vice President of Finance and Tax Counsel of Centerpulse USA, Inc. and Treasurer of Centerpulse USA Holding Company. Centerpulse was a corporation headquartered in Switzerland that manufactured a variety of medical devices. Its securities were publicly traded in the United States. During the relevant time period, Centerpulse's operations were split along divisions of product lines – Orthopedic, Dental and Spine-Tech.

The Commission alleges that Messrs. Husi and May engaged in a scheme to inflate Centerpulse's reported income in the third and fourth quarter of 2002. Among other things, the Commission contends that: (1) Husi and May delayed Centerpulse's recognition of a $25 million payment to Richard Scruggs, an outside attorney assisting Centerpulse in the settlement of litigation related to the recall of a medical implant manufactured by its Orthopedic division; (2) Husi failed to write-off $3.4 million in costs related to the development of a

KL3 2641692.2

software program called the "Global Supply Chain"; (3) Husi and May directed the release of $2.4 million from a Centerpulse reserve established to satisfy sales, use and property tax liability incurred by its Spine-Tech division; (4) Husi directed Centerpulse's Dental division to release $1.2 million from an inventory variance reserve; and (5) Husi and May failed to increase Centerpulse's litigation reserve relating to the medical implant recall.

The Commission claims that, as a result of these alleged acts, Centerpulse overstated its third quarter 2002 pretax income by approximately $32 million and its fourth quarter 2002 pretax income by approximately $26.4 million. The Commission has charged Messrs. Husi and May with violations of Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 13b2-2 thereunder and with aiding and abetting Centerpulse's violations of Exchange Act Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) and Rules 12b-20, 13a-1, and 13a-16 thereunder. The Commission additionally charged Mr. May with violating Exchange Act Rule 13b2-2.

Messrs. Husi and May have denied the Commission's allegations and have demanded a jury trial.

8. EVIDENCE TO BE OBTAINED (ARTICLE 3(d))

The evidence to be obtained consists of documents necessary for use in the trial of the above-captioned action. PricewaterhouseCoopers A.G. is believed to be in possession of documents concerning Centerpulse's financial statements and accounting, including the recall reserve, the sales, use, and property tax reserve, the inventory variance reserve, the Global Supply Chain project, and payments made to Mr. Richard Scruggs. The requested documents are necessary to Messrs. Husi's and May's defense of the Commission's charges and they will be seriously prejudiced if they cannot obtain this evidence. Accordingly, Mr. Husi sought the assistance of this Court in the form of this Letter Rogatory, requesting Swiss judicial authorities

to issue the appropriate orders or subpoenas to compel the production of relevant documents in PricewaterhouseCoopers A.G.'s possession, which are necessary in the interests of justice to determine the issues before this Court.

**SECTION III.**

9. IDENTITY AND ADDRESS OF PERSONS TO BE EXAMINED

   PricewaterhouseCoopers, A.G.
   Attn. Custodian of Records
   Birchstrasse 160
   CH-8050 Zurich
   Switzerland

10. SUBJECT-MATTER ABOUT WHICH DEPONENT IS TO BE EXAMINED

   In the interest of justice, it is proposed that PricewaterhouseCoopers A.G. produce documents, including audit workpapers, relating to the following issues and matters:

   a. Centerpulse's accounting for the Global Supply Chain project during the third and fourth quarters of 2002

   b. Centerpulse's efforts to finance its medical implant recall settlement during the third and fourth quarters of 2002

   c. Centerpulse's accounting for the sales, use and property tax liability reserve in its Spine-Tech division during the third quarter of 2002

   d. Centerpulse's accounting for the inventory variance reserve in its Dental division during the third quarter of 2002

   e. Centerpulse's accounting for payments made to Mr. Richard Scruggs.

11. REQUEST FOR NOTIFICATION

**Please send notice of the time and place for the execution of the Request to:**

   Clerk of the United States District Court
   for the District of Columbia
   333 Constitution Avenue, N.W.

>Washington, D.C. 20001
>United States of America
>
>Alan R. Friedman, Esq.
>Kramer Levin Naftalis & Frankel LLP
>1177 Avenue of the Americas
>New York, New York 10036
>United States of America
>*Counsel for Defendant Stephan Husi*
>
>Bruce M. Bettigole, Esq.
>Mayer Brown, LLP
>1909 K Street, N.W.
>Washington, D.C. 20006
>United States of America
>*Counsel for Defendant Richard May*
>
>Richard E. Simpson, Esq.
>Securities and Exchange Commission
>100 F Street, N.E.
>Washington, D.C. 20549
>*Counsel for Plaintiff*

**Please also send responsive documents to:**

>Clerk of the United States District Court
>for the District of Columbia
>333 Constitution Avenue, N.W.
>Washington, D.C. 20001
>United States of America

12.  <u>FEES AND COSTS</u>

The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by Messrs. Husi and May, through their counsel. Their payment of any such fees and costs is without prejudice to Messrs. Husi and May making subsequent requests to be reimbursed for these costs by other parties to the action.

SECTION IV.

In the spirit of international comity and reciprocity, this Court hereby requests international judicial assistance as set forth in this Letter Rogatory seeking compulsion of the production of documents from PricewaterhouseCoopers A.G. This Court expresses its willingness to provide similar assistance to the appropriate judicial authorities of Switzerland to the extent allowed by 28 U.S.C. § 1782, if future circumstances so require.

Date: February 22, 2008

The Honorable John D. Bates
UNITED STATES DISTRICT JUDGE

United States District Court
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____
Deputy Clerk