IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

　　　　Plaintiff,

　　v.

URS KAMBER,
STEPHAN HUSI, and
RICHARD JON MAY,

　　　　Defendants.

---

Civil Action No.: 07 CIV 01867 (JDB)

REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE (LETTER OF
REQUEST)

FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE COUNTRY OF SWITZERLAND, GREETINGS:

The United States District Court for the District of Columbia presents its compliments to the appropriate judicial authorities of the country of Switzerland, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this court in the above captioned matter. This Court has determined that it would further the interests of justice if the person described below was deposed, under oath, as to their knowledge of the facts which are relevant to the issues of this case.

**SECTION I.**

　　1.　**SENDER**

　　　　The Honorable John D. Bates
　　　　United States District Judge

       United States District Court for the District of Columbia
       333 Constitution Avenue, N.W.
       Washington, D.C. 20001
       United States of America

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**

       The Federal Justice and Police Department
       Federal Office for Police Matters
       International Judicial and Extrajudicial Assistance
       Bundesrain 20
       3003 Bern
       Switzerland

3. **PERSON TO WHOM EXECUTED REQUEST IS TO BE RETURNED**

       The Honorable John D. Bates
       United States District Judge
       United States District Court for the District of Columbia
       333 Constitution Avenue, N.W.
       Washington, D.C. 20001
       United States of America

## SECTION II.

4. IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENCTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS ("THE CONVENTION"), THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

5(a). **REQUESTING JUDICIAL AUTHORITY (ARTICLE 3(a))**

       The Honorable John D. Bates
       United States District Judge
       United States District Court for the District of Columbia
       333 Constitution Avenue, N.W.
       Washington, D.C. 20001
       United States of America

5(b). **TO THE COMPETENT AUTHORITY OF SWITZERLAND (ARTICLE 3(a))**

       The Federal Justice and Police Department
       Federal Office for Police Matters
       International Judicial and Extrajudicial Assistance

Bundesrain 20
3003 Bern
Switzerland

6. NAMES AND ADDRESSES OF THE PARTIES
AND THEIR REPRESENTATIVES (ARTICLE 3(b))

The evidence requested relates to a civil action proceeding before the requesting judicial authority: Securities and Exchange Commission v. Urs Kamber, Stephan Husi, and Richard May, Civil Action No.: 07 CIV 01867. The applicant for this letter of request was defendant Stephan Husi.

7. NATURE AND PURPOSE OF THE PROCEEDINGS
AND SUMMARY OF THE FACTS (ARTICLE 3(c))

The United States Securities and Exchange Commission (the "SEC" or the "Commission") commenced the above-captioned enforcement action against Stephan Husi, a Swiss citizen and former Controller of Centerpulse, Ltd. ("Centerpulse"), and Richard May, a United States citizen and former Group Vice President of Finance and Tax Counsel of Centerpulse USA, Inc. and Treasurer of Centerpulse USA Holding Company. Centerpulse was a corporation headquartered in Switzerland that manufactured a variety of medical devices. Its securities were publicly traded in the United States. During the relevant time period, Centerpulse's operations were split along divisions of product lines – Orthopedic, Dental and Spine-Tech.

The Commission alleges that Messrs. Husi and May engaged in a scheme to inflate Centerpulse's reported income in the third and fourth quarter of 2002. Among other things, the Commission contends that: (1) Husi and May delayed Centerpulse's recognition of a $25 million payment to Richard Scruggs, an outside attorney assisting Centerpulse in the settlement of litigation related to the recall of a medical implant manufactured by its Orthopedic

division; (2) Husi failed to write-off $3.4 million in costs related to the development of a software program called the "Global Supply Chain"; (3) Husi and May directed the release of $2.4 million from a Centerpulse reserve established to satisfy sales, use and property tax liability incurred by its Spine-Tech division; (4) Husi directed Centerpulse's Dental division to release $1.2 million from an inventory variance reserve; and (5) Husi and May failed to increase Centerpulse's litigation reserve relating to the medical implant recall.

The Commission claims that, as a result of these alleged acts, Centerpulse overstated its third quarter 2002 pretax income by approximately $32 million and its fourth quarter 2002 pretax income by approximately $26.4 million. The Commission has charged Messrs. Husi and May with violations of Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5 and 13b2-2 thereunder and with aiding and abetting Centerpulse's violations of Exchange Act Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) and Rules 12b-20, 13a-1, and 13a-16 thereunder. The Commission additionally charged Mr. May with violating Exchange Act Rule 13b2-2.

Messrs. Husi and May have denied the Commission's allegations and have demanded a jury trial.

8. EVIDENCE TO BE OBTAINED (ARTICLE 3(d))

The evidence to be obtained consists of testimony necessary for use in the trial of the above-captioned action. Rene Rausenberger, a current employee of PricewaterhouseCoopers A.G., has knowledge of Centerpulse's financial statements and accounting, including the recall reserve, the sales, use, and property tax reserve, the inventory variance reserve, the Global Supply Chain project, and payments made to Mr. Richard Scruggs. The requested testimony is necessary to Messrs. Husi's and May's defense of the Commission's charges and they will be

seriously prejudiced if they cannot obtain this evidence. Accordingly, Mr. Husi sought the assistance of this Court in the form of this Letter Rogatory, requesting Swiss judicial authorities to issue the appropriate orders or subpoenas to compel the deposition of Rene Rausenberger, which is necessary in the interests of justice to determine the issues before this Court.

**SECTION III.**

9. IDENTITY AND ADDRESS OF PERSONS TO BE EXAMINED

   Rene Rausenberger
   PricewaterhouseCoopers, A.G.
   Birchstrasse 160
   CH-8050 Zurich
   Switzerland

10. SUBJECT-MATTER ABOUT WHICH DEPONENT IS TO BE EXAMINED

    In the interest of justice, it is proposed that Rene Rausenberger give testimony relating to the following issues and matters:

    a. Centerpulse's financial statements and accounting during the third and fourth quarters of 2002

    b. Centerpulse's efforts to finance its medical implant recall settlement

    c. Centerpulse's accounting for the sales, use and property tax liability reserve in its Spine-Tech division

    d. Centerpulse's accounting for the inventory variance reserve in its Dental division

    e. Centerpulse's accounting for the Global Supply Chain project

    f. Centerpulse's accounting for payments made to Mr. Richard Scruggs.

11. REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND SPECIFIC FOR TO BE USED

This Court requests that the examinations of the individual named herein be taken under oath before (1) a secretary of embassy, consul general, vice-consul or consular agent of the United States of America or any officer authorized to administer oaths under the laws of the United States or Switzerland, or (2) before a person appointed by the High Court and empowered to administer oaths and take testimony.

This Court further requests that you require that the testimony be given during the depositions be given under the following oath: "I [name of deponent] swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God." In the event that the Law of Switzerland does not permit the swearing of an oath by a particular witness, this Court requests that a duly appointed officer make inquiry of such witness to ensure that he understands the gravity of the procedure and affirms that his statement will be true and correct in all respects.

12. SPECIAL METHODS OF PROCEDURES TO BE FOLLOWED

This Court requests that the examination be taken under the Federal Rules of Civil Procedure of the United States of America, except to the extent that such procedure is incompatible with the internal laws of Switzerland.

This Court further requests that you cause said examination to be taken before a commercial stenographer, to be videotaped, and a verbatim transcript to be produced, because such examination will be conducted for trial purposes and not simply for discovery purposes, and that such books, papers, or other articles that said witness may identify at the oral examination be

marked as exhibits and attested, and that you cause these to be returned to this Court under cover duly sealed, at the address provided below.

This Court also requests that counsel for Messrs. Husi and May be notified of the date, time and place of the deposition, and that they be allowed to appear at the deposition and to participate by asking questions of the deponent.

13. <u>REQUEST FOR NOTIFICATION</u>

**Please send notice of the time and place for the execution of the Request to:**

>Clerk of the United States District Court
>for the District of Columbia
>333 Constitution Avenue, N.W.
>Washington, D.C. 20001
>United States of America
>
>Alan R. Friedman, Esq.
>Kramer Levin Naftalis & Frankel LLP
>1177 Avenue of the Americas
>New York, New York 10036
>United States of America
>*Counsel for Defendant Stephan Husi*
>
>Bruce M. Bettigole, Esq.
>Mayer Brown, LLP
>1909 K Street, N.W.
>Washington, D.C. 20006
>United States of America
>*Counsel for Defendant Richard May*
>
>Richard E. Simpson, Esq.
>Securities and Exchange Commission
>100 F Street, N.E.
>Washington, D.C. 20549
>*Counsel for Plaintiff*

**Please also send the original verbatim transcripts of the deposition to:**

>Clerk of the United States District Court
>for the District of Columbia
>333 Constitution Avenue, N.W.

Washington, D.C. 20001
United States of America

14. **FEES AND COSTS**

The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by Messrs. Husi and May, through their counsel. Their payment of any such fees and costs is without prejudice to Messrs. Husi and May making subsequent requests to be reimbursed for these costs by other parties to the action.

**SECTION IV.**

In the spirit of international comity and reciprocity, this Court hereby requests international judicial assistance as set forth in this Letter Rogatory seeking compulsion of the herein named individual to appear for videotaped deposition. This Court expresses its willingness to provide similar assistance to the appropriate judicial authorities of Switzerland to the extent allowed by 28 U.S.C. § 1782, if future circumstances so require.

Date: February 22, 2008

The Honorable John D. Bates
UNITED STATES DISTRICT JUDGE

United States District Court
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____ Deputy Clerk