UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                                :
UNITED STATES SECURITIES                        :
AND EXCHANGE COMMISSION,                         :
                                                :
                                    Plaintiff,  :
                                                :
                        v.                      : No. 1:07-cv-01867 (JDB)
                                                :
URS KAMBER,                                     :
STEPHAN HUSI, and                               :
RICHARD JON MAY,                                :
                                                :
                                    Defendants. :
_____:

## NOTICE OF MOTION FOR THE
## ISSUANCE OF A LETTER OF REQUEST

PLEASE TAKE NOTICE that, on the accompanying declaration of Richard E. Simpson,

executed on April 2, 2008, and the exhibits attached thereto, plaintiff Securities and Exchange

Commission will move this Court, at the United States Courthouse, 333 Constitution Avenue,

N.W., Washington, D.C. 20001, at a time and date convenient for the Court, for an order,

pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of Evidence Abroad in

Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 (1972), issuing a letter of request

directed to the central authority of Switzerland, the Federal Office for Police Matters

(Department of International Judicial and Extrajudicial Assistance, Bundesrain 20, 3003 Bern,

Switzerland), seeking permission to take the voluntary deposition of defendant Stephan Husi, on

the grounds that a civil action is pending and undetermined in this Court, and without this

testimony justice cannot be completely done between and among the parties.

WHEREFORE, plaintiff prays that its motion for the issuance of a letter of request be granted in all respects.

Dated:  Washington, D.C.                          Respectfully submitted,
        April 2, 2008


                                                  _/s/ Richard E. Simpson_
                                                  Richard E. Simpson
                                                  Vincente L. Martinez
                                                  Attorneys for Plaintiff
                                                  Securities and Exchange
                                                  Commission
                                                  100 F Street, N.E.
                                                  Washington, D.C. 20549-4030
                                                  Tel:     (202) 551-4492
                                                  Fax:     (202) 772-9246
                                                  simpsonr@sec.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 2, 2008, I electronically filed the foregoing SEC'S NOTICE

OF MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST, and supporting papers,

using the CM/ECF system, which will send notification of such filing to the following e-mail

addresses:

bbettigole@mayerbrown.com
Bruce M. Bettigole
Mayer Brown LLP
1909 K Street, N.W.
Washington, D.C. 20006
(202) 263-3267
Attorneys for defendant Richard May

afriedman@kramerlevin.com
Alan R. Friedman
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
(212) 715-9100
Attorneys for defendant Stephan Husi

*/s/ Richard E. Simpson*
Richard E. Simpson
Attorney for Plaintiff
Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
(202) 551-4492 (Simpson)
(202) 772-9246 (fax)
simpsonr@sec.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 1:07-cv-01867 (JDB) |
| | : | |
| URS KAMBER, STEPHAN HUSI, and RICHARD JON MAY, | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## DECLARATION OF RICHARD E. SIMPSON

RICHARD E. SIMPSON states under penalty of perjury:

1.      I am an attorney and an Assistant Chief Litigation Counsel in the Division of

Enforcement of the Securities and Exchange Commission.  I make this declaration in support of

the SEC's motion, pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of

Evidence Abroad in Civil and Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 (1972), for

the issuance of a letter of request for the voluntary deposition of defendant Stephan Husi, a Swiss

citizen and resident, at the United States Embassy in Bern, Switzerland.

2.      A proposed order instructing the Clerk of this Court to issue the letter of request is

attached as Exhibit A hereto.

3.      The letter of request to be issued is attached as Exhibit B hereto.  The request asks

the Swiss central authority, the Swiss Federal Office for Police Matters, in furtherance of justice

and by the proper and usual process, for permission allowing the parties to this civil action to

depose defendant Stephan Husi relating to facts relevant to this case.  Pursuant to Article 4 of the

Hague Convention, the SEC will have the letter of request translated into the German language and will send the German counterpart along with the English-language version.

      4.      The SEC would prefer to take Husi's deposition in the United States, and is agreeing to attempt to take the deposition in Switzerland as an accommodation to Husi and his counsel in this action. In a letter e-mailed on March 31, 2008 to Husi's counsel, the SEC set forth the factual assumptions on which it relies in agreeing to attempt to take Husi's deposition at the U.S. Embassy in Switzerland. The SEC's letter is attached as Exhibit C hereto. If in the event of Husi's deposition in Switzerland any of the factual assumptions do not turn out to be true, the SEC will return to this Court to file and serve a motion for an order directing that a real deposition of Husi be taken in the U.S.

      5.      No previous application for the relief sought herein has been made.

      6.      As required by Local Rule 7(m), I have attempted to confer with Alan Friedman and Bruce Bettigole, attorneys for defendants Stephan Husi and Richard Jon May, respectively, to inquire whether they oppose this motion. Yesterday, Mr. Friedman sent me an e-mail stating that he does not object to the motion. On the afternoon of March 31, 2008, I left a voice-mail message for Mr. Bettigole asking if he opposes the motion, but did not hear back from him.

      WHEREFORE, plaintiff Securities and Exchange Commission respectfully requests that this Court order, pursuant to 28 U.S.C. § 1781 and the Hague Convention on the Taking of

Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 (1972), that a

letter of request be issued for the voluntary deposition of defendant Stephan Husi.

I declare under penalty of perjury that the
foregoing is true and correct.  Executed on
April 2, 2008.

Richard E. Simpson

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

                         Plaintiff,

                v.

URS KAMBER,
STEPHAN HUSI, and
RICHARD JON MAY,

                   Defendants.

: No. 1:07-cv-01867 (JDB)

## [PROPOSED] ORDER DIRECTING
## ISSUANCE OF A LETTER OF REQUEST

This matter having come on for hearing on the motion of plaintiff Securities and

Exchange Commission, for a letter of request for the voluntary deposition of defendant Stephan

Husi, the parties having had the opportunity to be heard, the Court being fully advised in the

premises, and it appearing that good cause exists for the issuance of a letter of request,

Now therefore, it is hereby **ORDERED** that the Clerk of this Court shall issue the letter

of request attached to this order.

**SO ORDERED.**


                                        JOHN D. BATES
                          United States District Judge

Dated: April   , 2008

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 1:07-cv-01867 (JDB) |
| | : | |
| URS KAMBER, | : | |
| STEPHAN HUSI, and | : | |
| RICHARD JON MAY, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
## (LETTER OF REQUEST FOR PERMISSION
## TO TAKE A VOLUNTARY DEPOSITION)

FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF

COLUMBIA TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE COUNTRY OF

SWITZERLAND, GREETINGS:

The United States District Court for the District of Columbia presents it compliments to

the appropriate judicial authorities of the country of Switzerland, and requests international

judicial assistance to obtain evidence to be used in the above-captioned civil proceeding before

this Court. This Court has determined that it would further the interest of justice if the person

described below, defendant Stephan Husi, were deposed, under oath, as to his knowledge of the

facts that are relevant to the issues of this civil action. Defendant Husi voluntarily consents to

have his deposition taken at the United States Embassy in Bern, Switzerland pursuant to Articles

17 and 21 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial

Matters, T.I.A.S. 7444, 23 U.S.T. 2555 (1972). Accordingly, this Court requests prior

permission of the Swiss Central Authority for the parties to this civil action to take the deposition

of defendant Husi, a non-United States citizen with a legal residence in Switzerland.

## SECTION I.

1.    SENDER

> The Honorable John D. Bates
> United States District Judge
> United States District Court for the District of Columbia
> 333 Constitution Avenue, N.W.
> Washington, D.C. 20001
> United States of America

2.    CENTRAL AUTHORITY OF THE REQUESTED STATE

> The Federal Justice and Police Department
> Federal Office for Police Matters
> International Judicial and Extrajudicial Assistance
> Bundesrain 20
> 3003 Bern
> Switzerland

3.    PERSON TO WHOM EXECUTED REQUEST IS TO BE RETURNED

> The Honorable John D. Bates
> United States District Judge
> United States District Court for the District of Columbia
> 333 Constitution Avenue, N.W.
> Washington, D.C. 20001
> United States of America

## SECTION II.

4.    IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENTION ON
THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL
MATTERS (THE "CONVENTION"), THE UNDERSIGNED APPLICANT
HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

2

5(a).    REQUESTING JUDICIAL AUTHORITY (ARTICLE 3(a))

        The Honorable John D. Bates
        United States District Judge
        United States District Court for the District of Columbia
        333 Constitution Avenue, N.W.
        Washington, D.C. 20001
        United States of America


5(b).    TO THE COMPETENT AUTHORITY
        OF SWITZERLAND (ARTICLE 3(a))

        The Federal Justice and Police Department
        Federal Office for Police Matters
        International Judicial and Extrajudicial Assistance
        Bundesrain 20
        3003 Bern
        Switzerland


6.    NAMES AND ADDRESSES OF THE PARTIES
      AND THEIR REPRESENTATIVES (ARTICLE 3(b))

The evidence requested relates to a civil action before the requesting judicial authority:

Securities and Exchange Commission v. Urs Kamber, Stephan Husi and Richard May, Civil

Action No.: 07 CIV 01867.  The applicant for this Letter of Request is plaintiff Securities and

Exchange Commission.


7.    NATURE AND PURPOSE OF THE PROCEEDINGS
      AND SUMMARY OF THE FACTS (ARTICLE 3(c))

This action arises out of an alleged scheme perpetrated by defendants Urs Kamber,

Stephan Husi and Richard Jon May as officers and executives of Centerpulse Ltd., a former

Swiss public company that was registered to trade American Depository Shares in the United

States, fraudulently to misstate Centerpulse's financial results.  Centerpulse manufactured and

marketed medical implants and other devices.  The company filed annual reports with the

Securities and Exchange Commission on Form 20-F and furnished quarterly reports and other

filings on Form 6-K. In its 2002 Report on Form 20-F, it represented that its financial statements

were prepared in conformance with International Financial Reporting Standards and reconciled

to United States Generally Accepted Accounting Principles.

The SEC alleges that defendant Husi and others took numerous improper accounting

actions in the third quarter of 2002, which caused Centerpulse fraudulently to overstate its

earnings. Among other things, these executives allegedly did not book certain losses and

expenses and released reserves to inflate the company's operating and pretax income. As a result

of these alleged accounting actions, Centerpulse overstated its pretax income by approximately

$32 million, reporting $21.9 million in pretax income instead of a $10.1 million loss.

The SEC alleges that defendant Husi and others engaged in accounting fraud also in the

fourth quarter of 2002 in order to close a shortfall in earnings so that Centerpulse's financial

results would be in line with earlier communications to the market, as well as the forecasted

results the company had given to a consortium of investment banks led by the Union Bank of

Switzerland. These executives allegedly managed Centerpulse's fourth quarter and annual

earnings by: (1) not increasing a reserve for expenses related to the settlement of a product

liability class action by at least $18 million; and (2) improperly using anticipated refund credits

to offset another $5 million in expenses related to the class action settlement. They allegedly

overstated year-end 2002 assets in the additional amount of $3.4 million by not writing off costs

associated with an impaired asset.

The SEC charges that defendant Husi violated Sections 10(b) and 13(b)(5) of the

Securities Exchange Act of 1934 and Exchange Act Rules 10b-5 and 13b2-1, and aided and

abetted violations of Exchange Act Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) and

4

Exchange Act Rules 10b-5, 12b-20, 13a-1 and 13a-16. Husi denies the SEC's allegations and demands a jury trial.

8.    EVIDENCE TO BE OBTAINED (ARTICLE 3(d))

The evidence to be obtained consists of testimony necessary for use in the trial of this civil action. Defendant Husi, the former Director of Corporate Controlling of Centerpulse, has knowledge of the company's financial statements and accounting, including losses and expenses that were or were not booked, the release of reserves, the decisions to increase or not increase the product liability class action settlement reserve, the use of anticipated refund credits to offset expenses related to the settlement, and the decisions not to write off costs associated with impaired assets. The requested testimony is necessary to the SEC's case. The SEC will be unduly prejudiced if it cannot obtain this evidence. Accordingly, the SEC sought the assistance of this Court in the form of this Letter of Request, seeking the permission of the Swiss Central Authority for the parties to take the deposition of defendant Stephan Husi, which is necessary in the interest of justice to determine the issues before this Court. Defendant Husi voluntarily consents to the taking of his deposition in the United States Embassy in Bern.

**SECTION III.**

9.    IDENTITY AND ADDRESS OF PERSON TO BE EXAMINED (ARTICLE 3(e))

Stephan Husi
Im Heimgartli 19
CH-8047 Zurich
Switzerland

10.    SUBJECT-MATTER ABOUT WHICH DEPONENT IS TO BE EXAMINED (ARTICLE 3(f))

In the interest of justice, it is proposed that Stephan Husi give testimony pertaining to the

following issues and matters:

a.    Centerpulse's financial statements and accounting

b.    Centerpulse's efforts to finance its product liability settlement

c.    The taking of asset write-offs at Centerpulse in fiscal year 2001

d.    Centerpulse management directives pertaining to write-offs and accounting adjustments in and for the third and fourth quarters of 2002

e.    Losses and expenses that were or were not booked by Centerpulse in and for the third or fourth quarters of 2002

f.    The timing of recognition of a $25 million (U.S. dollars) expense by Centerpulse pertaining to the payment of attorneys' fees

g.    Discussions pertaining to the disclosure or non-disclosure of the timing of the $25 million expense to Centerpulse's independent auditors or the consortium of banks led by the Union Bank of Switzerland

h.    Discussions whether to charge the $25 million in attorneys' fees against Centerpulse's product liability class action settlement reserve

i.    The release of reserves by Centerpulse

j    The release of $2.4 million from the sales, use and property tax reserve maintained by the Centerpulse's SpineTech Division

k.    Journal entries that had the effect of increasing the third quarter 2002 income of Centerpulse's Dental Division by more than $1.2 million

l.    Decisions to increase or not increase the product liability class action settlement reserve

m.    Discussions about whether the product liability class action settlement reserve was materially understated

n.    The use of anticipated refund credits to offset expenses related to the class action settlement

6

o.    Decisions not to write off costs associated with impaired assets at Centerpulse

p.    Decisions not to write off $3.4 million in costs for the global supply chain software system at Centerpulse

q.    Husi's bonuses, stock options and other compensation for work done in 2002

r.    Husi's sales of Centerpulse stock and the proceeds thereof

s.    Any and all of Husi's defenses to the SEC's allegations

11.    <u>REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND SPECIFIC TO BE USED (ARTICLE 3(h))</u>

This Court requests that the deposition of defendant Husi be taken under oath before a secretary of embassy, consul general, vice-consul or consular agent of the United States of America or any officer authorized to administer oaths under the laws of the United States or Switzerland. This Court further requests that you require that the testimony be given in the deposition under the following oath: "I, Stephan Husi, swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

12.    <u>SPECIAL METHODS OF PROCEDURES TO BE FOLLOWED (ARTICLE 3(i))</u>

This Court requests that the deposition of defendant Husi be taken under the Federal Rules of Civil Procedure of the United States of America. The examination questions to defendant Husi will be propounded by an attorney for the Securities and Exchange Commission, with follow-up and clarifying questions ("cross-examination questions") to be propounded by attorneys for the defendants. The attorneys for the SEC and the attorneys for the defendants are hereby appointed commissioners for the purpose of taking the deposition.

This Court requests that you cause the deposition to be taken before a commercial stenographer and be videotaped. This Court requests that a verbatim transcript be produced, because the deposition will be conducted for trial purposes and not simply for discovery purposes. This Court requests that such books, papers, or other articles that defendant Husi may identify at the oral examination be marked as exhibits and attested, and that you cause these to be returned to this Court under cover duly sealed, at the address provided below. This Court requests that counsel for the SEC and for defendants Husi and May be notified if and when the Swiss Central Authority grants permission for the taking of the deposition. Counsel for the SEC will arrange with the officers of the United States Embassy a convenient date and time for the deposition.

13.     <u>REQUEST FOR NOTIFICATION</u>

**Please send notice of the Swiss central authority's permission to:**

    Clerk of the United States District Court
    For the District of Columbia
    333 Constitution Avenue, N.W.
    Washington, D.C. 20001
    United States of America

    Alan R. Friedman, Esq.
    Kramer Levin Naftalis & Frankel LLP
    1177 Avenue of the Americas
    New York, New York 10036
    United States of America
    *Counsel for Defendant Stephan Husi*

    Bruce M. Bettigole, Esq.
    Mayer Brown, LLP
    1909 K Street, N.W.
    Washington, D.C. 20006
    United States of America
    *Counsel for Defendant Richard May*

Richard E. Simpson, Esq.
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
*Counsel for Plaintiff SEC*

**Please send the original verbatim transcript of the deposition and any records marked as exhibits to the deposition to:**

Clerk of the United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

14.    FEES AND COSTS (ARTICLE 14)

The fees and costs incurred which are reimbursable under the second paragraph of Article

14 or under Article 26 of the Convention will be borne by the SEC.  Plaintiff's payment of any

such fees and costs is without prejudice to the SEC making subsequent requests to be reimbursed

for these costs by other parties to the action.

**SECTION IV.**

In the spirit of international comity and reciprocity, this Court hereby requests

international judicial assistance as set forth in this Letter of Request seeking permission of the

Swiss Central Authority allowing the SEC and defense counsel to take the voluntary deposition

of defendant Stephan Husi by videotape.  This Court expresses its willingness to provide similar

9

assistance to the appropriate judicial authorities of Switzerland to the extent allowed by 28

U.S.C. § 1782, if future circumstances so require.


Date:_____                    _____
                                          The Honorable John D. Bates
                                          UNITED STATES DISTRICT JUDGE

                                          United States District Court
                                          District of Columbia
                                          333 Constitution Avenue, N.W.
                                          Washington, D.C. 20001
                                          United States of America

# EXHIBIT C



DIVISION OF
ENFORCEMENT

UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

March 21, 2008

**BY ELECTRONIC MAIL**
**afriedman@kramerlevin.com**

Alan R. Friedman, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036

      Re:     SEC v. Kamber, et al.
              No. 07-civ-01867 (D.D.C.)

Dear Alan:

       This letter describes the factual assumptions on which the Securities and Exchange

Commission relies in agreeing to attempt to take the deposition of your client, defendant Stephan

Husi, at the United States Embassy in Bern, Switzerland.

       First, the deposition of Mr. Husi will be taken under oath according to United States law.

Second, the questions to Mr. Husi will be propounded by an attorney for the SEC, instead of a

U.S. consular officer.  Third, the deposition will be taken before a commercial stenographer and

be videotaped, and a verbatim transcript will be produced.  Fourth, Mr. Husi will actually give

testimony about his activities at Centerpulse Ltd. and about the company's financial statements

and accounting, and will not decline to answer relevant questions based on any Swiss blocking

statute or purported privilege of commercial secrecy.  (American privileges, like the attorney-

client privilege, will still apply.)  In fact, it would be to the advantage of all parties if Mr. Husi

Alan R. Friedman, Esq.
March 31, 2008
Page 2

were now to disclose his intentions in connection with any blocking statute or commercial

secrecy so that, if there is an issue, it can be brought to the attention of Judge Bates before time

and expense are incurred in an unnecessary trip to Switzerland.  Fifth, no Swiss authority will

impose any condition on Mr. Husi's deposition that will interfere with the foregoing

assumptions.

If in the event of Mr. Husi's deposition in Switzerland any of the above factual

assumptions do not turn out to be true, the SEC will file and serve a motion for an order directing

that a real deposition of Mr. Husi be taken in the United States.

Very truly yours,

Richard E. Simpson