UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

                Plaintiff,

    v.                               No. 1:07-cv-01867 (JDB)

URS KAMBER,
STEPHAN HUSI, and
RICHARD JON MAY,

                Defendants.

**FILED**

**APR 0 2 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### [PROPOSED] ORDER DIRECTING ISSUANCE OF A LETTER OF REQUEST

This matter having come on for hearing on the motion of plaintiff Securities and Exchange Commission, for a letter of request for the voluntary deposition of defendant Stephan Husi, the parties having had the opportunity to be heard, the Court being fully advised in the premises, and it appearing that good cause exists for the issuance of a letter of request,

Now therefore, it is hereby **ORDERED** that the Clerk of this Court shall issue the letter of request attached to this order.

**SO ORDERED.**

                                          JOHN D. BATES
                                          United States District Judge

Dated: April 2, 2008

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

SECURITIES AND EXCHANGE COMMISSION,

         Plaintiff,

  v.

URS KAMBER,
STEPHAN HUSI, and
RICHARD JON MAY,

         Defendants.

---

No. 1:07-cv-01867 (JDB)

**FILED**

APR 0 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE
(LETTER OF REQUEST FOR PERMISSION
TO TAKE A VOLUNTARY DEPOSITION)**

FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO THE APPROPRIATE JUDICIAL AUTHORITY IN THE COUNTRY OF SWITZERLAND, GREETINGS:

The United States District Court for the District of Columbia presents it compliments to the appropriate judicial authorities of the country of Switzerland, and requests international judicial assistance to obtain evidence to be used in the above-captioned civil proceeding before this Court. This Court has determined that it would further the interest of justice if the person described below, defendant Stephan Husi, were deposed, under oath, as to his knowledge of the facts that are relevant to the issues of this civil action. Defendant Husi voluntarily consents to have his deposition taken at the United States Embassy in Bern, Switzerland pursuant to Articles 17 and 21 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555 (1972). Accordingly, this Court requests prior

permission of the Swiss Central Authority for the parties to this civil action to take the deposition of defendant Husi, a non-United States citizen with a legal residence in Switzerland.

**SECTION I.**

1. <u>SENDER</u>

   The Honorable John D. Bates
   United States District Judge
   United States District Court for the District of Columbia
   333 Constitution Avenue, N.W.
   Washington, D.C. 20001
   United States of America

2. <u>CENTRAL AUTHORITY OF THE REQUESTED STATE</u>

   The Federal Justice and Police Department
   Federal Office for Police Matters
   International Judicial and Extrajudicial Assistance
   Bundesrain 20
   3003 Bern
   Switzerland

3. <u>PERSON TO WHOM EXECUTED REQUEST IS TO BE RETURNED</u>

   The Honorable John D. Bates
   United States District Judge
   United States District Court for the District of Columbia
   333 Constitution Avenue, N.W.
   Washington, D.C. 20001
   United States of America

**SECTION II.**

4. IN CONFORMITY WITH ARTICLE 3 OF THE HAGUE CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS (THE "CONVENTION"), THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:

5(a).   REQUESTING JUDICIAL AUTHORITY (ARTICLE 3(a))

  The Honorable John D. Bates
  United States District Judge
  United States District Court for the District of Columbia
  333 Constitution Avenue, N.W.
  Washington, D.C. 20001
  United States of America


5(b).   TO THE COMPETENT AUTHORITY
        OF SWITZERLAND (ARTICLE 3(a))

  The Federal Justice and Police Department
  Federal Office for Police Matters
  International Judicial and Extrajudicial Assistance
  Bundesrain 20
  3003 Bern
  Switzerland


6.   NAMES AND ADDRESSES OF THE PARTIES
     AND THEIR REPRESENTATIVES (ARTICLE 3(b))

The evidence requested relates to a civil action before the requesting judicial authority: Securities and Exchange Commission v. Urs Kamber, Stephan Husi and Richard May, Civil Action No.: 07 CIV 01867. The applicant for this Letter of Request is plaintiff Securities and Exchange Commission.


7.   NATURE AND PURPOSE OF THE PROCEEDINGS
     AND SUMMARY OF THE FACTS (ARTICLE 3(c))

This action arises out of an alleged scheme perpetrated by defendants Urs Kamber, Stephan Husi and Richard Jon May as officers and executives of Centerpulse Ltd., a former Swiss public company that was registered to trade American Depository Shares in the United States, fraudulently to misstate Centerpulse's financial results. Centerpulse manufactured and marketed medical implants and other devices. The company filed annual reports with the

3

Securities and Exchange Commission on Form 20-F and furnished quarterly reports and other filings on Form 6-K. In its 2002 Report on Form 20-F, it represented that its financial statements were prepared in conformance with International Financial Reporting Standards and reconciled to United States Generally Accepted Accounting Principles.

The SEC alleges that defendant Husi and others took numerous improper accounting actions in the third quarter of 2002, which caused Centerpulse fraudulently to overstate its earnings. Among other things, these executives allegedly did not book certain losses and expenses and released reserves to inflate the company's operating and pretax income. As a result of these alleged accounting actions, Centerpulse overstated its pretax income by approximately $32 million, reporting $21.9 million in pretax income instead of a $10.1 million loss.

The SEC alleges that defendant Husi and others engaged in accounting fraud also in the fourth quarter of 2002 in order to close a shortfall in earnings so that Centerpulse's financial results would be in line with earlier communications to the market, as well as the forecasted results the company had given to a consortium of investment banks led by the Union Bank of Switzerland. These executives allegedly managed Centerpulse's fourth quarter and annual earnings by: (1) not increasing a reserve for expenses related to the settlement of a product liability class action by at least $18 million; and (2) improperly using anticipated refund credits to offset another $5 million in expenses related to the class action settlement. They allegedly overstated year-end 2002 assets in the additional amount of $3.4 million by not writing off costs associated with an impaired asset.

The SEC charges that defendant Husi violated Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934 and Exchange Act Rules 10b-5 and 13b2-1, and aided and abetted violations of Exchange Act Sections 10(b), 13(a), 13(b)(2)(A) and 13(b)(2)(B) and

Exchange Act Rules 10b-5, 12b-20, 13a-1 and 13a-16. Husi denies the SEC's allegations and demands a jury trial.

8. <u>EVIDENCE TO BE OBTAINED (ARTICLE 3(d))</u>

The evidence to be obtained consists of testimony necessary for use in the trial of this civil action. Defendant Husi, the former Director of Corporate Controlling of Centerpulse, has knowledge of the company's financial statements and accounting, including losses and expenses that were or were not booked, the release of reserves, the decisions to increase or not increase the product liability class action settlement reserve, the use of anticipated refund credits to offset expenses related to the settlement, and the decisions not to write off costs associated with impaired assets. The requested testimony is necessary to the SEC's case. The SEC will be unduly prejudiced if it cannot obtain this evidence. Accordingly, the SEC sought the assistance of this Court in the form of this Letter of Request, seeking the permission of the Swiss Central Authority for the parties to take the deposition of defendant Stephan Husi, which is necessary in the interest of justice to determine the issues before this Court. Defendant Husi voluntarily consents to the taking of his deposition in the United States Embassy in Bern.

**SECTION III.**

9. <u>IDENTITY AND ADDRESS OF PERSON TO BE EXAMINED (ARTICLE 3(e))</u>

Stephan Husi
Im Heimgartli 19
CH-8047 Zurich
Switzerland

10. **SUBJECT-MATTER ABOUT WHICH DEPONENT IS TO BE EXAMINED (ARTICLE 3(f))**

In the interest of justice, it is proposed that Stephan Husi give testimony pertaining to the following issues and matters:

a. Centerpulse's financial statements and accounting

b. Centerpulse's efforts to finance its product liability settlement

c. The taking of asset write-offs at Centerpulse in fiscal year 2001

d. Centerpulse management directives pertaining to write-offs and accounting adjustments in and for the third and fourth quarters of 2002

e. Losses and expenses that were or were not booked by Centerpulse in and for the third or fourth quarters of 2002

f. The timing of recognition of a $25 million (U.S. dollars) expense by Centerpulse pertaining to the payment of attorneys' fees

g. Discussions pertaining to the disclosure or non-disclosure of the timing of the $25 million expense to Centerpulse's independent auditors or the consortium of banks led by the Union Bank of Switzerland

h. Discussions whether to charge the $25 million in attorneys' fees against Centerpulse's product liability class action settlement reserve

i. The release of reserves by Centerpulse

j. The release of $2.4 million from the sales, use and property tax reserve maintained by the Centerpulse's SpineTech Division

k. Journal entries that had the effect of increasing the third quarter 2002 income of Centerpulse's Dental Division by more than $1.2 million

l. Decisions to increase or not increase the product liability class action settlement reserve

m. Discussions about whether the product liability class action settlement reserve was materially understated

n. The use of anticipated refund credits to offset expenses related to the class action settlement

o.  Decisions not to write off costs associated with impaired assets at Centerpulse

p.  Decisions not to write off $3.4 million in costs for the global supply chain software system at Centerpulse

q.  Husi's bonuses, stock options and other compensation for work done in 2002

r.  Husi's sales of Centerpulse stock and the proceeds thereof

s.  Any and all of Husi's defenses to the SEC's allegations

11. <u>REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND SPECIFIC TO BE USED (ARTICLE 3(h))</u>

This Court requests that the deposition of defendant Husi be taken under oath before a secretary of embassy, consul general, vice-consul or consular agent of the United States of America or any officer authorized to administer oaths under the laws of the United States or Switzerland. This Court further requests that you require that the testimony be given in the deposition under the following oath: "I, Stephan Husi, swear that the testimony that I am about to give is the truth, the whole truth and nothing but the truth, so help me God."

12. <u>SPECIAL METHODS OF PROCEDURES TO BE FOLLOWED (ARTICLE 3(i))</u>

This Court requests that the deposition of defendant Husi be taken under the Federal Rules of Civil Procedure of the United States of America. The examination questions to defendant Husi will be propounded by an attorney for the Securities and Exchange Commission, with follow-up and clarifying questions ("cross-examination questions") to be propounded by attorneys for the defendants. The attorneys for the SEC and the attorneys for the defendants are hereby appointed commissioners for the purpose of taking the deposition.

This Court requests that you cause the deposition to be taken before a commercial stenographer and be videotaped. This Court requests that a verbatim transcript be produced, because the deposition will be conducted for trial purposes and not simply for discovery purposes. This Court requests that such books, papers, or other articles that defendant Husi may identify at the oral examination be marked as exhibits and attested, and that you cause these to be returned to this Court under cover duly sealed, at the address provided below. This Court requests that counsel for the SEC and for defendants Husi and May be notified if and when the Swiss Central Authority grants permission for the taking of the deposition. Counsel for the SEC will arrange with the officers of the United States Embassy a convenient date and time for the deposition.

13. REQUEST FOR NOTIFICATION

**Please send notice of the Swiss central authority's permission to:**

Clerk of the United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

Alan R. Friedman, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
United States of America
*Counsel for Defendant Stephan Husi*

Bruce M. Bettigole, Esq.
Mayer Brown, LLP
1909 K Street, N.W.
Washington, D.C. 20006
United States of America
*Counsel for Defendant Richard May*

Richard E. Simpson, Esq.
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4030
*Counsel for Plaintiff SEC*

**Please send the original verbatim transcript of the deposition and any records marked as exhibits to the deposition to:**

Clerk of the United States District Court
For the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

14. <u>FEES AND COSTS (ARTICLE 14)</u>

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by the SEC. Plaintiff's payment of any such fees and costs is without prejudice to the SEC making subsequent requests to be reimbursed for these costs by other parties to the action.

**SECTION IV.**

In the spirit of international comity and reciprocity, this Court hereby requests international judicial assistance as set forth in this Letter of Request seeking permission of the Swiss Central Authority allowing the SEC and defense counsel to take the voluntary deposition of defendant Stephan Husi by videotape. This Court expresses its willingness to provide similar

assistance to the appropriate judicial authorities of Switzerland to the extent allowed by 28 U.S.C. § 1782, if future circumstances so require.

Date: April 2, 2008

_____
The Honorable John D. Bates
UNITED STATES DISTRICT JUDGE

United States District Court
District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001
United States of America

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____
          Deputy Clerk

10